[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT (#102) ARGUED JANUARY 18, 2001
CT Page 3435
The plaintiff wife, Hedwig LaVariere, filed a dissolution of marriage action against the defendant husband, Romeo A. LaVariere, on August 29, 2000. Counsel for the defendant filed an appearance on August 29, 2000. Prior to the filing of the dissolution action, on August 15, 2000, the defendant executed a durable power of attorney to his daughter from a prior marriage, Shirley Gaudette, in the presence of counsel for the defendant.
According to the plaintiff's motion for contempt filed November 30, 2000, the defendant executed a quitclaim deed on November 13, 2000, resulting in the parties becoming tenants in common. The quitclaim deed was actually executed by the defendant's daughter. The parties owned the property in dispute since February 5, 1981 as joint tenants with rights of survivorship. In the motion for contempt the plaintiff claims that the execution of the quitclaim deed is a violation of the automatic orders that are served with every dissolution complaint. Practice Book §25-5 provides in pertinent part: "(a) The following automatic orders shall apply to both parties, with service of the automatic orders to be made with service of process of a complaint for dissolution of marriage. . . . The automatic orders shall be effective with regard . . . to the defendant or the respondent upon service and shall remain in place during the pendency of the action, unless terminated, modified, or amended by further order of a judicial authority upon motion of either of the parties: (1) Neither party shall sell, transfer, encumber (except for the filing of a us pendens), conceal, assign, remove, or in any way dispose of, without the consent of the other party in writing, or an order of a judicial authority, any property, individually or jointly held by the parties, except in the usual course of business or for customary and usual household expenses or for reasonable attorneys' fees in connection with this action."
The defendant died on November 16, 2000, one day after the quitclaim deed was executed. An objection to the motion for contempt was filed claiming that the defendant did not violate the automatic order because he is deceased and the court lacks subject matter jurisdiction because the action abates upon the death of a party to a dissolution pursuant to the statutes. In particular, the defendant claims that General Statutes § 46b-40 (a) terminates any claim the other party may make. General Statutes § 46b-40 provides in pertinent part: "(a) A marriage is dissolved only by (1) the death of one of the parties. . . ."
Counsel for the decedent claims that he no longer represents the CT Page 3436 decedent and any party charged with contempt has a right to counsel. The defendant also claims that contempt must be willful and in this case the defendant did not sign the quitclaim deed and had no knowledge of his daughter's actions. The court finds these claims to be without merit. Counsel filed an objection on behalf of the decedent and although the decedent did not sign the quitclaim his attorney in fact did sign the quitclaim. Additionally, if counsel for the defendant witnessed the signing of the short form attorney in fact and could have made her aware of the dissolution orders.
The plaintiff, in her memorandum of law, requested that the personal representative of the decedent's estate be substituted for the defendant in the present action for the purpose of resolving the alleged violation of the automatic orders. The plaintiff does not name the "personal representative" nor did she file a motion to substitute the "personal representative." If the plaintiff is referring to the decedent's daughter from the prior marriage who was appointed as the decedent's attorney in fact pursuant to the Connecticut statutory short form power of attorney, the court notes that the power granted to the decedent's daughter ended upon the death of the decedent. See General Statutes §§ 1-42 to 1-56. The court however, based on the cited cases in both parties memoranda of law and the applicable statutes, concludes that the more appropriate forum to resolve this issue is the probate court. Specifically, General Statutes § 45a-98 provides in relevant part: "(a) Courts of probate in their respective districts shall have the power to . . . (3) except as provided in section 45a-98a or as limited by an applicable statute of limitations, determine title or rights of possession and use in and toany real, tangible or intangible property that constitutes, or may constitute, all or part of any trust, any decedent's estate, or any estate under control of a guardian or conservator, which trust or estate is otherwise subject to the jurisdiction of the Probate Court, including the rights and obligations of any beneficiary of the trust or estate and including the rights and obligations of any joint tenant with respect to survivorship property. . . ." (Emphasis added.)
For the foregoing reasons, the plaintiff's motion for contempt is denied.
John R. Caruso, J.